# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2026

Lyle W. Cayce
Clerk

No. 25-50389
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricky Parras Yanez,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-218-1

───────────────────────────────

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Ricky Parras Yanez appeals his conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Second Amendment facially and as applied to him and that it also exceeds Congress's authority under the Commerce Clause. The Government has filed a motion for summary affirmance or, in

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50389

the alternative, for an extension of time to file an appellate brief. Yanez takes no position on the Government's motion but concedes that his arguments are foreclosed.

We have held that § 922(g)(1) does not violate the Second Amendment on its face. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Further, Yanez's as-applied challenge is foreclosed because he was on federal supervised release at the time he committed the instant offense. *See United States v. Clark*, 148 F.4th 785, 789-90 (5th Cir. 2025); *United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025). Also, Yanez's Commerce Clause challenge is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Because the parties correctly conclude that these issues are foreclosed, the Government's motion for summary affirmance is GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion for an extension of time to file its appellate brief is DENIED, and the judgment of the district court is AFFIRMED.